**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000167
04-JAN-2012
12:26 PM**

NO. CAAP-10-0000167

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BRIAN REYES, Petitioner-Appellant, v.
NOLAND P. ESPINDA, et al., Respondents-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-1738)

ORDER GRANTING NOVEMBER 23, 2011 MOTION TO DISMISS APPEAL
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Respondents-Appellees Noland P. Espinda, Department of Public Safety, and Medial Administrator, Wes Mun's (the State Appellees) November 23, 2011 motion to dismiss Appeal No. CAAP-10-0000167 for lack of jurisdiction, (2) the lack of any opposition to the State Appellees' November 23, 2011 motion to dismiss Appeal No. CAAP-10-0000167 for lack of jurisdiction, and (3) the record, it appears that we lack jurisdiction over this appeal that Plaintiff-Appellant Brian Reyes (Appellant Reyes) has asserted from the First Circuit

Court's (circuit court)[1] November 8, 2010, "Order Denying Motions: #1 Objection by Petitioner on Order Denying Plaintiff's Motion Lawsuit Sentencing Judgment Denied Petitioner's Privileges for His Back Surgery Offense Against Public Justice and Officials Filed August 12, 2010, Filed October 4, 2010; #2 Motion to Appoint Legal Counsel, Court Appointed Attorney Filed October 20, 2010" (the November 8, 2010 interlocutory order), because the November 8, 2010 interlocutory order is not independently appealable, and the circuit court has not yet entered a final judgment in this case.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The supreme court has promulgated Rule 58 of the Hawaii Rules of Civil Procedure (HRCP), which specifically requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)."

_____

[1] The Honorable R. Mark Browning presiding.

Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added).

The November 8, 2010 interlocutory order is not a judgment. On October 17, 2011 the record on appeal for Appeal No. CAAP-10-0000167 was filed, at which time the record on appeal did not contain a separate judgment that resolved all claims, as HRCP Rule 58 requires for an appeal under the holding in Jenkins. Although exceptions to the final judgment requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the November 8, 2010 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack jurisdiction over Appeal No. CAAP-10-0000167.

Therefore,

IT IS HEREBY ORDERED that the State Appellees' November 23, 2011 motion to dismiss Appeal No. CAAP-10-0000167 for lack of jurisdiction is granted, and Appeal No. CAAP-10-0000167 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 04, 2012.

Presiding Judge

Associate Judge

Associate Judge